UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

STEVEN H. HOOD, #08248-028,

        Petitioner,

v.                                                 Action No. 2:19cv27

MARK BOLSTER,
Acting Warden,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Petitioner Steven H. Hood ("Hood"), a federal inmate convicted and sentenced in the Southern District of Indiana, and housed in the Federal Correctional Center in Petersburg, Virginia, filed a *pro se* petition, pursuant to 28 U.S.C. § 2241. ECF No. 1. Hood alleges he was denied due process when, following a disciplinary hearing held July 29, 2011, he did not receive a written statement by the disciplinary hearing officer regarding the evidence relied upon and the reasons for the disciplinary action. ECF No. 1 at 3, 6, 8.[1]

This matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Local Rules of the United States

---

[1] Hood has filed three petitions pursuant to section 2241 alleging he was denied due process when, following a disciplinary proceeding, respondent failed to provide him with a written statement by the disciplinary hearing officer regarding the evidence relied upon and the reasons for the disciplinary action. Action No. 2:18cv692 (disciplinary hearing held on February 14, 2018); Action No. 2:19cv26 (disciplinary hearing held on December 19, 2012); and Action No. 2:19cv27 (disciplinary hearing held on July 29, 2011). The petitions filed in action nos. 2:18cv692 and 2:19cv26 will be addressed separately.

District Court for the Eastern District of Virginia. The undersigned **RECOMMENDS** that respondent's motion to dismiss, ECF No. 7, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DISMISSED WITH PREJUDICE**.

## I. STATEMENT OF THE CASE

Hood is a federal inmate who was convicted following his guilty plea in the Southern District of Indiana of conspiracy to distribute 500 grams or more of methamphetamine. ECF No. 1; *United States v. Perez*, 2:06cr8 (S.D. Ind. May 5, 2008) (judgment docketed in CM/ECF Jan. 30, 2013). Hood was sentenced on May 5, 2008, to 360 months in prison. *Id.* The disciplinary proceedings that give rise to the petition occurred while Hood was incarcerated at United States Penitentiary Lee in Pennington Gap, Virginia. Declaration of Steven H. Hood ("Hood Decl.") at ¶ 2, ECF No. 14-1. Hood is currently in custody in the Federal Correctional Center in Petersburg, Virginia. ECF No. 1 at 1.

### A. Hood's disciplinary hearing process.

On July 23, 2011, Officer M. Blevins issued Hood an incident report charging him with violating the Bureau of Prisons ("BOP") disciplinary code 297 by using the telephone "for abuses other than criminal activity." ECF No. 1 at 12; ECF No. 8-1 at 7.[2] The report, signed by Officer Blevins, described the incident as follows:

> On July 23, 2011 at approximately 8:15 p.m. I began monitoring a high alert live call showing inmate Herrera [] in B-Unit, station 6020 to a female . . . . I recognized the inmate's voice not being inmate Herrera and contacted the B-Unit Officer. I instructed the B-Unit officer to go and ask the inmate on phone station 6020 what his name was. The B-Unit Officer told me he identified the inmate on station 6020 as Hood, Steven, #08248-028, the B-Unit officer approached and asked inmate Hood what his name was and I heard inmate Hood [s]tate "Herrera" over the phone.

---

[2] The Court may consider the reports attached to respondent's motion to dismiss without converting the motion into one for summary judgment, because the documents are integral to Hood's claims, referenced in his petition, and their authenticity is not in dispute. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015).

2

ECF No. 8-1 at 7.

Lieutenant J. Bowles conducted an investigation on July 24, 2011. *Id.* at 8. Lt. Bowles advised Hood of his rights, and Hood acknowledged that he understood his rights. *Id.*; *see also* Hood Decl. ¶ 4. Hood "requested [a] witness," inmate Herrera. *Id.* Lt. Bowles concluded that "the incident report is warranted and . . . adequately describes the prohibited act." ECF No. 8-1 at 8. Lt. Bowles signed and delivered the incident report (part I) to Hood on July 24, 2011.[3] *Id.* at 7.

On July 27, 2011, Hood appeared before the Unit Discipline Committee ("UDC"). *Id.* at 7; Hood Decl. ¶ 6. With respect to the incident, Hood stated, "Herrera did not know I was using his phone. I did the voice activation." ECF No. 8-1 at 7. Although now asserting that he is not guilty of the offense, Hood confirms that he admitted his guilt when he appeared before the UDC. Hood Decl. ¶ 6. The UDC Chairman, counselor Lalonde, as well as a member of the UDC, signed the report and referred the incident to the Discipline Hearing Officer ("DHO"). ECF No. 8-1 at 7. Hood requested all relevant documents, and was given parts I and II of the incident report, providing the incident report by Officer Blevins and the action taken by the UDC. Hood Decl. ¶ 7; *see* ECF No. 8-1 at 7.

The same day, Hood was provided with, and signed, a "Notice of Discipline Hearing Before the (DHO)." Hood Decl. ¶ 7; ECF No. 8-1 at 10. The notice indicated Hood was charged with a code 297 violation for "phone abuse." ECF No. 8-1 at 10. The notice further advised Hood that, during the hearing, he would have a right to have a staff member represent him, to call witnesses, and to present documentary evidence. *Id.* Hood indicated that he did not wish to have

---

[3] The two-page incident report consists of three parts: part I – the incident report; part II – the committee action; and part III – the investigation. ECF No. 8-1 at 7–8.

3

a staff representative at the hearing, and he did not wish to have witnesses present. *Id.*

On July 29, 2011, Hood appeared before DHO Rupert. ECF No. 8-1 at 12–15. DHO Rupert signed a report on August 2, 2011, indicating that Hood was given advance written notice of the charge when the incident report was provided to him by Lt. Bowles on July 24, 2011, and that counselor Lalonde advised him of his rights before the DHO on July 27, 2011. *Id.* at 12.

At the hearing, Hood waived his right to a staff representative, and the right to present witnesses. *Id.* The DHO report indicates that Hood admitted the charge and summarizes Hood's statement, in pertinent part, as follows:

> He indicated to the DHO he understood his rights, did not request a staff representative, and did not request any witnesses to appear on his behalf.
>
> The DHO read aloud section 11 of the incident report, then asked him if the report was true he circumvented the telephone system, and gave him the opportunity to provide his statement. He replied, "Yes, because I was out of minutes." He did not present any exculpatory or documentary evidence for the DHO to take into consider[ation] on his behalf.

*Id.*

Hood asserts in his petition that he understood his rights at the hearing, but that he denied the charge. ECF No. 1 at 12.

The DHO found Hood committed the act as charged, and discussed the specific evidence considered in making the finding, including Officer Blevins' incident report, Hood's admission of guilt, and Officer Jackson's (the B-Unit officer) memorandum identifying Hood as the inmate using the telephone. ECF No. 8-1 at 14, 17. The DHO also considered Hood's explanation, that he was out of minutes, but did not find it a valid reason for excusing the behavior. *Id.* The DHO sanctioned Hood to the following: (1) disallowance of 27 days of good conduct time; (2) loss of telephone privileges for 3 months; and (3) loss of commissary privileges for 3 months. *Id.* The DHO explained the punishment, including that Hood's actions pose "a serious threat to the ability

of staff to provide for the safety and security of not only the staff and inmates, but the institution"; "[t]he disallowance of Good Conduct Time sanction was imposed as required by Sentencing Guidelines [Prison Litigation Reform Act] as well as a deterrent from future misconduct"; and "[t]he loss of privilege sanctions were imposed as a deterrent from future misconduct." *Id.* at 15.

According to the declaration of Jillian Anspach, the discipline hearing office secretary at FCC Petersburg, "[o]n August 3, 2011, the DHO report was delivered to [Hood] by a BOP staff member at 1:49 p.m." ECF No. 8-1 at 4. Notations on the DHO report indicate that the report was provided to Hood at 1:49 p.m. on August 3, 2011. *Id.* at 15. The report notified Hood that he could appeal the DHO's findings within 20 calendar days. *Id.* at 4–5, 15. Hood did not appeal the decision. *Id.* at 5, 19–20.

Hood requested a copy of the DHO report on September 5, 2011. ECF No. 1 at 17. According to Hood, he was not provided with a copy of the report until respondent filed the motion to dismiss on June 11, 2019. ECF No. 1 at 3, 8, 15. As of November 13, 2019, Hood had not appealed the decision. ECF No. 17.

### B. Hood's federal petition.

On January 11, 2019, Hood filed a section 2241 petition for a writ of habeas corpus asserting that he had been unable to appeal the DHO's decision, because the Bureau of Prisons would not accept an appeal without a copy of the DHO report, and he had received no response to his request for a copy of the DHO report. ECF No. 1 at 3, 6, 8, 12. Hood seeks expungement of the incident report and restoration of 27 days of good conduct time credit. *Id.* at 8, 15.

On June 11, 2019, respondent filed a motion to dismiss the petition. ECF No. 7. Respondent asserts that Hood received the DHO report and his habeas petition is moot, ECF No. 8 at 8–10; Hood was afforded all due process rights to which he is entitled during his disciplinary

hearing, *id.* at 10–12; and Hood has not exhausted his administrative remedies, *id.* at 12–14. Thus, the respondent asked that Hood's habeas petition be dismissed, or in the alternative, that summary judgment be entered in favor of the respondent. *Id.* at 14.

Hood filed an opposition to the motion to dismiss on August 23, 2019. ECF No. 14. Hood asserts respondent violated his due process rights by failing to: (1) provide notice of the charges against him 24 hours before the hearing; (2) the opportunity to present documentary evidence in his defense; and (3) provide him with a written statement of the evidence relied on, and the reasons for the disciplinary action. *Id.* at 8–12. Hood filed a supplement to the opposition on September 9, 2019, citing the Fourth Circuit decision in *Lennear v. Wilson*, 937 F.3d 257 (4th Cir. 2019). ECF No. 15.

In response to the Court's order, respondent filed a notice addressing exhaustion of administrative remedies on November 13, 2019, and Hood responded to the notice on November 27, 2019. ECF Nos. 16–18.

## II. ANALYSIS

### A. Hood has failed to exhaust administrative remedies.

Generally, federal prisoners must exhaust their administrative remedies prior to filing federal habeas petitions. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004); *see also Timms v. Johns*, 627 F.3d 525, 530-31 (4th Cir. 2010). Administrative exhaustion "protects 'administrative agency authority,'" ensuring that agencies have an opportunity to correct mistakes and discouraging disregard of agency procedures. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Additionally, because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court," exhaustion promotes judicial efficiency. *Id.*

The exhaustion requirement in section 2241 is judicially imposed, and courts may excuse exhaustion when pursuit of administrative remedies would be futile. *See Larue v. Adams*, No. 1:04-0396, 2006 WL 1674487, at *8 (S.D.W. Va. June 12, 2006) (discussing the "futility" exception and suggesting that Fourth Circuit precedent supports it).

Hood asserts he was unable to exhaust his administrative remedies because he was not given a copy of the disciplinary hearing report, which is required when filing an appeal. ECF No. 1 at 3, 6, 8, 12. Although Hood now has the report and has not exhausted his administrative remedies, the Court recommends addressing and dismissing the petition on the merits.

**B.      Hood has failed to establish a violation of his due process rights.**

Prisoners retain rights under, and may claim the protections of, the Due Process Clause in disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prisoners have a liberty interest in good conduct time credits, and when those credits are taken away, a prisoner is entitled to those procedures which are appropriate under the circumstances and required by the Due Process Clause to ensure that the credits were not taken away arbitrarily. *Id.* at 557–58. Specifically, the due process rights that prisoners possess when a protected liberty interest is at stake are: (1) written notice of the charges against them at least 24 hours before their hearing; (2) the opportunity to call witnesses and present documentary evidence in their defense when doing so would not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the evidence relied on and the reasons for the disciplinary action taken. *Id.* at 563–66. To satisfy due process, the fact-finder's decision during a prison disciplinary hearing must be supported by "some evidence." *Superintendent, Massachusetts Corr. Inst. Walpole v. Hill*, 472 U.S. 445, 455 (1985).

In Hood's petition, he did not dispute that the first two components of due process in *Wolff*––notice of charges and opportunity to present evidence—were satisfied. ECF No. 1. In his

7

opposition to the motion to dismiss, however, Hood argues for the first time that he was not given notice of the charges 24 hours before the hearing, or an opportunity to present documentary evidence in his defense. ECF No. 14 at 8–12. The record contradicts Hood's assertions.

Hood admits that parts I and II of the incident report, providing the incident report and the committee action, were delivered to him on July 27, 2011. Hood Decl. ¶ 7; *see* ECF No. 8-1 at 7. Hood also acknowledges that he signed a form, which noted the code violation and that he was being referred to the DHO for a hearing, the same day. Hood Decl. ¶ 7. Hood's hearing before the DHO took place on July 29, 2011, two days after Hood signed the notice. ECF No. 8-1 at 12. The record, including Hood's declaration, reflect that the first component of due process in *Wolff*––notice of charges 24 hours before the hearing—was satisfied.

Hood next argues his rights were violated when he was not given part III of the incident report describing the investigation.[4] ECF No. 14 at 9. Part III of the incident report, completed by Lt. Bowles on July 24, 2011, indicates Hood was read his rights and stated that he understood them, Hood made no statement, and Hood requested a witness. ECF No. 8-1 at 8. Under investigator comments and action taken, the report states: "[b]ased on the facts[,] I conclude the incident report is warranted and section 11 of the report adequately describes the prohibited act"; and "[t]his report is referred to the Unit Disciplinary Committee for further disposition." *Id.* To the extent Hood was entitled to receive a copy of part III of the incident report at his DHO hearing, failure to provide him with the report was harmless error as the information contained in part III of the report could not have aided his defense. *See Lennear v. Wilson*, 937 F.3d 257, 277 (4th Cir.

---

[4] The notice of DHO hearing informed Hood that, during the hearing, he would have a right to have a staff member represent him, to call witnesses, and to present documentary evidence. ECF No. 8-1 at 10. Hood has not asserted that he wanted to have a staff member represent him or that he wanted to call any witnesses at his hearing. *See* ECF Nos. 1, 14. Only the right to present documentary evidence is at issue.

8

2019).

In his petition, Hood also asserts that his due process rights were violated when the written statement of the evidence relied on was not given to him, because he was unable to appeal the DHO decision without the written statement. ECF No. 1 at 3, 8, 15. According to the declaration of the DHO secretary, the DHO report was delivered to Hood at 1:49 p.m. on August 3, 2011, five days after his DHO hearing. ECF No. 8-1 at 4. The notation on the bottom of the DHO report reflects the same. *Id.* at 15. The report advised Hood that he had 20 days to appeal the decision. *Id.* Hood failed to file an appeal. ECF No. 8-1 at 19–20.

According to Hood, the first time he received the DHO report occurred when respondent filed the motion to dismiss. ECF No. 1 at 3, 8, 15. Hood had 20 days from his receipt of the report in June 2019 to file his appeal. As of November 13, 2019, Hood had not appealed the decision, or shown that his ability to appeal the decision was prejudiced. ECF Nos. 17–18.

Hood has received a copy of the DHO report, and the report references sufficient evidence to support the DHO's decision including Officer Blevins' incident report, Officer Jackson's memorandum identifying Hood as the inmate using the telephone, and Hood's admission of guilt to the UDC. ECF No. 8-1 at 7, 14, 17.[5]

Therefore, Hood has not shown a violation of his due process rights in relation to his delayed receipt of the DHO report, and his habeas petition should be dismissed with prejudice.

---

[5] The DHO also considered Hood's admission of guilt during the DHO hearing. ECF No. 8-1 at 14. Hood asserts in his petition that he denied the charge before the DHO. ECF No. 1 at 12. In his declaration, he states that he "relented to argue [his] case" before the DHO, but concedes he admitted guilt to the UDC. Hood Decl. ¶¶ 6, 9. Even without considering Hood's admission of guilt to the DHO, the remaining evidence was sufficient to find Hood committed the offense.

9

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that respondent's motion to dismiss, ECF No. 7, be **GRANTED**, and Hood's petition for a writ of habeas corpus, ECF No. 1, be **DISMISSED WITH PREJUDICE**.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
December 3, 2019

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

>Steven H. Hood, #08248-028
>FCI Petersburg
>Inmate Mail
>P.O. Box 1000
>Petersburg, VA 23804

Fernando Galindo, Clerk

By_____
Deputy Clerk

December 3, 2019